UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHETHAN JAYARAM SHANKAR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UR M. JADDOU, et al.,<br><br>Defendants. | Case No. 22-cv-04040-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 18 |

Pending before the Court is a motion to stay filed by Defendants Ur M. Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"), and Antony J. Blinken, Secretary of the United States Department of State ("DOS"). Dkt. No. 18. Defendants seek to stay this action pending resolution of the appeal before the Ninth Circuit in *Babaria v. Blinken*, Case No. 22-16700. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

I.  **BACKGROUND**

Plaintiffs Chethan Jayaram Shankar and Ramya Gundmi filed this action to challenge the process by which USCIS and DOS adjudicate I-485 applications for lawful permanent residency status. Dkt. No. 17 ("FAC"). USCIS's internal policy requires that an immigrant visa be immediately available both at the time someone files an application for adjustment of status and at the time the application is adjudicated. *See, e.g.*, *id.* at ¶¶ 13–38. Plaintiffs assert that this is contrary to statutory requirements and congressional intent. *Id.*

Plaintiffs are Indian citizens who currently reside in the United States. *See id.* at ¶¶ 1–2. At the time Plaintiffs filed their I-485 applications, each had a visa number available. *See id.* at

¶¶ 87–97.  However, due to visa retrogression, they no longer have a visa number available and Defendants will not adjudicate their applications.  *Id.* at ¶¶ 38–42, 98, 104–114.  Instead their applications are held "in an indeterminate abeyance."  *See id.* at ¶ 40.  Plaintiffs assert that Defendants' refusal to adjudicate their applications constitutes unlawful withholding and unreasonable delay of agency action, in violation of the Administrative Procedure Act.  *Id.* at ¶¶ 121–217.  They seek an order compelling USCIS to adjudicate their applications within 30 days.  *See id.* at ¶ 224.

   Plaintiffs' counsel filed other similar cases in this district, including *Babaria v. Blinken*, Case No. 22-cv-05521-SI.  Like here, the plaintiffs in *Babaria* challenge the government's process for adjudicating I-485 applications, including the requirement that immigrant visas be immediately available at the time of adjudication.  *See Babaria v. Blinken*, Case No. 22-cv-05521-SI, Dkt. No. 1.  The plaintiffs explain that this requirement leads to retrogression, and indefinite delays in the adjudication of applications.  *Id.*  In October 2022, Judge Illston issued an order denying the plaintiffs' motion for a preliminary injunction.  *See Babaria v. Blinken*, No. 22-CV-05521-SI, 2022 WL 10719061, at *1 (N.D. Cal. Oct. 18, 2022).  The plaintiffs sought an injunction requiring USCIS and DOS to "continue adjudicating plaintiffs' applications for adjustment of status and allocating visa numbers for them."  *Id.* at *4.  In denying the motion, Judge Illston reasoned that the plaintiffs "have little to no likelihood of success on the merits" because there is "no ambiguity" in the statute on which they rely, and the plaintiffs' theory would undermine the congressional limits placed on vias issued each fiscal year.  *Id.* at *5–6.  The plaintiffs have appealed this order to the Ninth Circuit.  *Babaria v. Blinken*, Case No. 22-16700 (9th Cir.).  The matter is fully briefed, and a hearing is scheduled for March 29, 2023.

   Defendants move to stay this case pending resolution of the *Babaria* appeal.  Dkt. No. 18.

## II.   LEGAL STANDARD

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  To determine whether a *Landis* stay is warranted, courts consider: (1) "the possible damage which

may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "[I]f there is even a fair possibility that the stay for which [the requesting party] prays will work damage to [someone] else," then the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## III. DISCUSSION

In opposition to the motion to stay, Plaintiffs appear to acknowledge that the issues on appeal in *Babaria* overlap with the merits of this case. *See* Dkt. No. 19 at 2–4. They simply argue that a stay is unwarranted because this case is still in its early stages and they will be harmed by any delay in the resolution of this case. *Id.* Plaintiffs opine that Defendants will first challenge the Court's jurisdiction in a motion to dismiss as it has done in other cases, and this briefing can happen while the *Babaria* appeal continues. *See id.* at 2, 4. The Court is not persuaded, and finds that the *Landis* factors favor a stay in this case.

As to the first factor, Plaintiffs urge that they "continue to suffer harm" due to the delay in adjudicating their I-485 petitions, and that staying the case prevents them from receiving the "unique benefits of lawful permanent residency." *See id.* at 3. Aside from generically listing the benefits of lawful permanent residency, Plaintiffs make no attempt to explain the specific harm that they will face from a limited stay. Plaintiffs continue to be in lawful non-immigrant status and have permission to work in the United States and travel abroad. *See* FAC at ¶¶ 76, 95. Under Plaintiffs' broad theory, a stay would never be warranted in a case implicating immigration status.

Plaintiffs' asserted hardship also rests on several assumptions: A stay would significantly delay the Court's resolution of this case, Plaintiffs will prevail on their claims for relief, and Defendants will ultimately grant their I-485 petitions. But Plaintiffs fail to explain the basis of any of these assumptions. Briefing in *Babaria* is already complete, and oral argument is scheduled for

3

the end of this month. And as other courts have recognized, "Plaintiffs' likelihood of success on the merits of their claims is far from clear, based on the rulings in similar district court cases." *See Barretto v. Jaddou*, Case No. 22-cv-04869-DMR, Dkt. No. 18 at 7–8 (collecting cases).

As to the second factor, Defendants contend that they will suffer undue hardship due to duplication of efforts and the risk of inconsistent rulings. *See* Dkt. No. 18 at 7–8. The Court finds these arguments are more relevant to the third factor, and to that end, weigh heavily in favor of a stay. The *Babaria* appeal involves claims and legal questions that are identical to those raised by Plaintiffs in this case, and the Ninth Circuit's opinion is therefore likely to provide substantial guidance if not resolve Plaintiffs' claims altogether. Accordingly, the Court finds that a limited stay will facilitate judicial economy, and Plaintiffs have not plausibly shown that they will suffer damage in the interim.

## IV. CONCLUSION

The Court **GRANTS** the motion to stay in its discretion. *Accord Sandara v. Jaddou*, Case No. 22-cv-04334-DMR, Dkt. No. 24; *Barretto v. Jaddou*, Case No. 22-cv-04869-DMR, Dkt. No. 18. The parties are directed to notify the Court within 48 hours of a decision in the *Babaria* appeal. The Court will also periodically evaluate the need for and reasonableness of continuing the stay.

**IT IS SO ORDERED.**

Dated: 3/8/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

4